IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT JACKSON,

    Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS;
JOSE VASQUEZ, Warden; Dr.
CHRISTOPHER NOLAN, R.D.A.P.
Coordinator; JEFFERY C.
STRICKLAND; DORRIS SPELL,
Counselor, and LORI HARRIS,
Unit Manager,

    Defendants.

CIVIL ACTION NO.: CV206-192

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

AO 72A
(Rev. 8/82)

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names as a Defendant the Federal Bureau of Prisons. The proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. FDIC v. Meyer, 510 U.S. 471, 485-86, 114 S. Ct. 996, 1005-06, 127 L. Ed. 2d 308 (1994). To the extent the Bureau of Prisons is the employer of any person Plaintiff wishes to name individually, Plaintiff's claims against the Bureau of Prisons cannot be sustained.

Plaintiff also names as a Defendant Jose Vazquez, the Warden at FCI Jesup. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled

AO 72A
(Rev. 8/82)

to relief." FED. R. CIV. P. 8(a)(2). Plaintiff has failed to make any factual allegations against Defendant Vazquez, and any claims against Defendant Vazquez should be dismissed.

Plaintiff seeks to have this Court issue an Order whereby he can complete the Residential Drug Abuse Program and be awarded a year off his sentence. Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. When a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46, 117 S. Ct. 1584, 1587-88, 137 L. Ed. 2d 906 (1997); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). This request appears to be one for habeas corpus relief, and he cannot bring this claim under Bivens.

Finally, Plaintiff has filed an amendment to his Complaint in which he alleges Dorris Spell and Lori Harris retaliated against him after he filed this cause of action. In his original Complaint, Plaintiff asserts that Defendants Nolan and Strickland violated his right to equal protection by permitting a white inmate to complete the drug program. Plaintiff, who is black, asserts that he was not allowed to complete the program even though he and the white inmate failed a module. Plaintiff cannot join these unrelated claims. FED. R. CIV. P. 20. Should Plaintiff wish to pursue his retaliation claims against Dorris Spell and Lori Harris, he may do so by filing a separate cause of action.

3

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against the Bureau of Prisons and Jose Vazquez be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's claims which can be characterized as habeas corpus claims be **DISMISSED**, without prejudice. It is my further **RECOMMENDATION** that Plaintiff's claims against Dorris Spell and Lori Harris be **DISMISSED**, without prejudice.

So **REPORTED** and **RECOMMENDED**, this 9th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)