FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2008 JAN 15 AM 9:40

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT JACKSON,                          :
                                         :
            Plaintiff,                    :
                                         :
      vs.                                :      CIVIL ACTION NO.: CV206-192
                                         :
FEDERAL BUREAU OF PRISONS;               :
JOSE VASQUEZ, Warden; Dr.                :
CHRISTOPHER NOLAN, R.D.A.P.              :
Coordinator; JEFFERY C.                  :
STRICKLAND; DORRIS SPELL,                :
Counselor, and LORI HARRIS,             :
Unit Manager,                            :
                                         :
            Defendants.                   :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999,

29 L. Ed. 2d 619 (1971). On July 27, 2007, Defendants Dr. Christopher Nolan and

Jeffery C. Strickland ("Defendants") filed a Motion to Dismiss or in the Alternative for

Summary Judgment, which the Court construes as a Motion for Summary Judgment.[1]

The Clerk of Court mailed a Notice to Plaintiff, advising him that Defendants had filed a

Motion for Summary Judgment and that a response was to be filed by August 19, 2007.

This Notice further advised Plaintiff that:

---

[1] If "matters outside the pleading are presented to and not excluded by the court", the "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b).

1.  If you do not timely respond to this motion for summary judgment, the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2.  If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3.  If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff moved for and was granted two extensions of time in which to respond, but has failed to file a Response to Defendants' motion.

## STATEMENT OF THE CASE

Plaintiff contends that Defendants refused to allow him to complete the Residential Drug Abuse Program ("RDAP") at FCI Jesup and that their actions were racially discriminatory in violation of the Equal Protection Clause. Plaintiff's Complaint alleges that while he was expelled from the program after failing a required academic module, a white inmate was not expelled for a similar failure. In their Motion, Defendants contend that there is no evidence of racially-motivated discriminatory treatment of Plaintiff, and that therefore they are entitled to summary judgment.

## STANDARD OF DETERMINATION

Summary judgment should be granted only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The procedure for disposing of a summary judgment motion is well established. The Court may grant summary judgment to a party when the evidence demonstrates that the nonmoving party has failed to establish an essential element of his case. The party moving for summary judgment bears the initial burden of meeting

this exacting standard. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970). In applying this standard, a court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion. All reasonable doubts regarding the facts should be resolved in favor of the nonmovant. <u>Adickes</u>, 398 U.S. at 157, 90 S. Ct. at 1608.

Once the moving party has met this initial burden, the burden shifts to the opposing party to show that a genuine issue of material fact exists. <u>Celotex Corp. v. Catrell</u>, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The opposing party may not simply rest upon mere allegations or denials of the pleadings. Rather, the nonmoving party must make a sufficient showing of facts to establish the existence of an essential element to his case on which he will bear the burden of proof at trial. <u>Id.</u>; <u>Barfield v. Brierton</u>, 883 F.2d 923, 933 (11th Cir. 1989). To oppose the motion sufficiently after the movant has met his initial burden, the nonmoving party must point to evidence in the record or present additional evidence in the form of affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure. <u>Riley v. Newton</u>, 94 F.3d 632, 639 (11th Cir. 1996). If the record presents factual issues, the Court must deny the motion and proceed to trial. <u>Herzog v. Castle Rock Entertainment</u>, 193 F.3d 1241, 1246 (11th Cir. 1999). Summary judgment is also inappropriate where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. <u>Id.</u>

### DISCUSSION AND CITATION OF AUTHORITY

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,'

which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed.2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394, 72 L. Ed.2d 786 (1982)). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed.2d 935 (1974). "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001). In other words, a plaintiff must establish that a discriminatory intent motivated some disparate treatment. E & T Realty v. Strickland, 830 F.2d 1107, 1112 n.5 (11th Cir. 1987).

Here, Plaintiff alleges that because he is black, he has been treated differently from other inmates. Specifically, Plaintiff contends that he has been excluded from participation in the RDAP because of his race. In their Motion, Defendants assert that there is no evidence of disparate treatment between Plaintiff and a similarly situated individual. Defendants contend that Plaintiff and the white inmate to whom his Complaint refers were not, in fact, similarly situated.[2] Furthermore, Defendants contend that Plaintiff has presented no evidence of any racial bias or intentional discrimination in their administration of the RDAP.

---

[2] Defendants offer evidence demonstrating that while Inmate Markevitz, the white inmate in question, had medical and psychological problems, Plaintiff did not. (Gov. Exh. 6, ¶¶ 11-12). Defendants also present evidence that while Plaintiff failed to pass the module in question by a large margin, Markevitz merely omitted one exam question, and that his documented medical issues suggested a cause for doing so. (Id.). Given Plaintiff's failure to respond to Defendants' Motion and his corresponding failure to offer any evidence on the intent element of his Equal Protection claim, the Court need not address whether he has demonstrated the existence of a similarly situated inmate.

Even assuming that Plaintiff offered evidence establishing the existence of an identifiable similarly situated inmate who was treated more favorably, he has offered nothing establishing the second prong of his claim: that the reason he was treated differently was because of prison officials' intentional discriminatory motivation. "To prevail on an equal protection claim that a facially neutral statute is being applied unequally, 'intentional or purposeful discrimination' must be shown." Jones v. White, 992 F.2d 1548, 1573 (11th Cir. 1993) (quoting Snowden v. Hughes, 321 U.S. 1, 8, 64 S. Ct. 397, 401, 88 L. Ed. 497 (1944)). "Error, mistake in judgment or arbitrary administration in applying a facially neutral statute does not violate equal protection." Id. See also McCleskey v. Kemp, 481 U.S. 279, 292-93, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987) (mere difference in treatment between individuals of different races does not support Equal Protection claim).

Conclusory allegations of disparate treatment or discriminatory intent are not sufficient to support an Equal Protection claim. GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998). Plaintiff has offered nothing outside of the conclusory statements of his Complaint that "[the white inmate] received preferential treatment because of his race. Plaintiff is a victim of racism and unequal treatment by the Defendants." (Doc. No. 1, p. 4). This blanket claim cannot support an inference of discriminatory intent. Because Plaintiff bore the burden of producing evidence of intentional discrimination and has not met that burden, summary judgment in favor of Defendants is required by the law.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED**.

So **REPORTED** and **RECOMMENDED** this ___15th___ day of January, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE